UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**MICHELLE AUGUSTIN, MIKETTE BRUTUS,** and **JEAN LETANG,**

    Plaintiffs,

v.

**ANGELS CARE HOME HEALTH INC.**, a Florida corporation,

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiffs, MICHELLE AUGUSTIN, MIKETTE BRUTUS, and JEAN LETANG ("Plaintiffs"), by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendant ANGELS CARE HOME HEALTH INC. ("Defendant"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiffs seek unpaid overtime wages, unpaid minimum wages, liquidated damage, and reasonable attorney's fee and costs from Defendant. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has

jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant is a Florida corporation who transacts business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiffs' Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, MICHELLE AUGUSTIN, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendant on or about March 29, 2017, and worked for Defendant as a Licensed Practical Nurse (LPN) through approximately May 1, 2017.

4. At all times material, Plaintiff, MICHELLE AUGUSTIN, was an employee of Defendant within the meaning of the FLSA.

5. Plaintiff, MIKETTE BRUTUS, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendant on or about March 17, 2017, and worked for Defendant as a Licensed Practical Nurse (LPN) through approximately April 30, 2017.

6. At all times material, Plaintiff, MIKETTE BRUTUS, was an employee of Defendant within the meaning of the FLSA.

7. Plaintiff, JEAN LETANG, is an individual residing in the County of Broward, State of Florida.

Plaintiff became employed and hired by Defendant on or about March 23, 2017, and worked for Defendant as a Registered Nurse through approximately April 16, 2017.

8. At all times material, Plaintiff, JEAN LETANG, was an employee of Defendant within the meaning of the FLSA.

9. Defendant, ANGELS CARE HOME HEALTH INC, is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiffs' employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

10. Plaintiffs were employees of Defendant and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

11. Throughout Plaintiff's employment with Defendant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

12. At all times material, Defendant employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

13. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant who worked on or after June 28, 2014, and who worked the hours for which the minimum wage was not paid and who worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

14. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201-

209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision were made by the Defendant to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

15. Plaintiffs regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendant.

16. Likewise, the other employees similarly situated to Plaintiffs regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant.

17. However, Defendant did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION – MICHELLE AUGUSTIN

19. Plaintiff, MICHELLE AUGUSTIN, re-alleges and incorporates herein the allegations contained in paragraphs 1-18.

20. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

22. As a result of Defendant' willful violations of the Act, all Plaintiffs (the named Plaintiff and those

similarly situated to her) are entitled to liquidated damages.

23. Plaintiff has retained the undersigned counsel to represent her in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, MICHELLE AUGUSTIN, and those similarly situated to her who opt into this action, demand judgment against the Defendant for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c)    A reasonable attorney's fee and costs; and

    (d)    Such other relief as the Court deems just and equitable.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION – MIKETTE BRUTUS

24. Plaintiff, MIKETTE BRUTUS, re-alleges and incorporates herein the allegations contained in paragraphs 1-18.

25. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

26. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

27. As a result of Defendant' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

28. Plaintiff has retained the undersigned counsel to represent her in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, MIKETTE BRUTUS, and those similarly situated to her who opt into this action, demand judgment against the Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## COUNT III
### RECOVERY OF OVERTIME COMPENSATION – JEAN LETANG

29. Plaintiff, JEAN LETANG, re-alleges and incorporates herein the allegations contained in paragraphs 1-18.

30. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

31. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and

reasonable attorney's fees.

32. As a result of Defendant' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

33. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, JEAN LETANG, and those similarly situated to him who opt into this action, demand judgment against the Defendant for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c)    A reasonable attorney's fee and costs; and

    (d)    Such other relief as the Court deems just and equitable.

## COUNT IV
## FEDERAL MINIMUM WAGE – MICHELLE AUGUSTIN

34. Plaintiff, MICHELLE AUGUSTIN, realleges and incorporates herein the allegations contained in paragraphs 1-18.

35. Defendant willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, MICHELLE AUGUSTIN, demands judgment against the Defendant

for the following:

      (a)     Unpaid minimum wages found to be due and owing;

      (b)     An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

      (c)     A reasonable attorney's fee and costs; and

      (d)     Such other relief as the Court deems just and equitable.

## COUNT V
## FEDERAL MINIMUM WAGE – MIKETTE BRUTUS

36. Plaintiff, MIKETTE BRUTUS, realleges and incorporates herein the allegations contained in paragraphs 1-18.

37. Defendant willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, MIKETTE BRUTUS, demands judgment against the Defendant for the following:

      (a)     Unpaid minimum wages found to be due and owing;

      (b)     An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

      (c)     A reasonable attorney's fee and costs; and

      (d)     Such other relief as the Court deems just and equitable.

## COUNT VI
## FEDERAL MINIMUM WAGE – JEAN LETANG

38. Plaintiff, JEAN LETANG, realleges and incorporates herein the allegations contained in paragraphs 1-18.

39. Defendant willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, JEAN LETANG, demands judgment against the Defendant for the following:

   (a)   Unpaid minimum wages found to be due and owing;

   (b)   An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

   (c)   A reasonable attorney's fee and costs; and

   (d)   Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a jury trial on all issues so triable.

DATED:  June 27, 2017

                                    MILITZOK LAW, P.A.
*Attorney for Plaintiff*
Wells Fargo Building
4600 Sheridan Street, Suite 402
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993